# GENERAL COURT, OCTOBER TERM, 1799.

## THOMAS's Lessee *vs.* WOOTTON.

EJECTMENT for a tract of land called *Chance*, lying in Saint-Mary's county.

It appears by the *case stated* for the court's opinion, that *Ignatius Gough* being seised in fee of the land mentioned in the declaration in this cause, in the year 1782 duly made and executed his last will and testament, and thereby devised the land in question as follows: "First "of all I desire that all my just debts be paid; and my "will and desire is, that all my plantation and tract of "land lying in Saint Mary's county, called *Saint Marga-* "*ret's*, containing 147 acres, be in possession of *Eliza-*

"beth Herd, for the use and maintenance of her and her
"daughter Mary Herd, until the said Mary Herd, daugh-
"ter of the same Elizabeth Herd, and granddaughter of
"John Basil Herd, arrives to the years of sixteen, then
"the said land to belong to the said Mary Herd, and to
"her heirs and assigns, forever."

That the said Mary Herd, in the said will mentioned,
was the natural, illegitimate daughter of the testator,
by the said Elizabeth Herd. That the said Mary Herd
died under the age of sixteen, unmarried, intestate, and
without issue. That the plantation on which the testa-
tor lived, consisted of several tracts of land, the whole
of which amounted to 157 acres. That the dwelling
house was not on the tract of land called Saint Marga-
ret's, but that Saint Margaret's, and the other tracts,
composed and made but one plantation, and was occupi-
ed and possessed as one entire tract. That a warrant of
escheat issued to affect the said land in the name of John
Allen Thomas, who by his will duly executed, devised
the same to the lessor of the plaintiff, who obtained a
patent therefor prior to the commencement of this action
for the said land, by the name of Chance.

The question was, whether the said land was liable to
escheat?

Johnson, for the plaintiff.

W. Dorsey, for the defendant.

It was contended on the part of the plaintiff, that un-
der the will, immediately on the death of the testator,
an estate in the land vested in Mary Herd, and that on
her death, without issue and intestate, the land was lia-
ble to be escheated. Boraston's case, in 3 Coke 19, was
relied on as in point—2 Mod. 289, and Fearne Con. Rem.
318, were also cited.

THE GENERAL COURT gave judgment for the plaintiff
for possession and costs.